IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

A. R., Jr., A. R., and F. R., minor children,
by their next friend, Teresa Romero,

    Plaintiffs,

v.                                          Case No. 15-cv-1021 CG/LAM

BRYAN ACEE, GREGORY WATTERSON,
DAVID KICE, and FEDERAL OFFICERS
JOHN DOES 1-8 in their Individual Capacities,

    Defendants.

## ORDER GRANTING IN PART PLAINTIFFS' MOTION FOR LEAVE TO CONDUCT EXPEDITED DISCOVERY

**THIS MATTER** is before the Court on Plaintiffs' *Motion for Leave to Conduct Expedited Discovery of Documents Identifying the Persons Named John Doe[]s in the Complaint (Doc. 17)*, filed December 23, 2015. Defendants filed a response to the motion on January 14, 2016 [*Doc. 19*], Plaintiffs filed a reply on January 22, 2016 [*Doc. 20*], and, on January 28, 2016, Plaintiffs filed an amended reply [*Doc 23*]. On February 1, 2016, pursuant to the Court's order granting Defendants' unopposed motion to file a surreply (*Doc. 29*), Defendants filed a surreply [*Doc. 30*]. Having considered the motion, response, reply, amended reply, surreply, record of the case, and relevant law, the Court **FINDS** that Plaintiffs' *Motion for Leave to Conduct Expedited Discovery of Documents Identifying the Persons Named John Does in the Complaint (Doc. 17)* shall be **GRANTED in part** and **DENIED in part**.

In their motion to conduct expedited discovery, Plaintiffs ask the Court to allow them to obtain documents from Defendants' employer, the Federal Bureau of Investigation ("FBI") that

will reveal the identities of the unknown agents described in Plaintiffs' Complaint as "John Does" so that Plaintiffs can amend their Complaint to add those persons as named defendants before the three-year statute of limitations expires on May 8, 2016.  *See* [*Doc. 17* at 1] and [*Doc 23* at 1]. Plaintiffs seek leave of Court to serve a subpoena *duces tecum* on the FBI Records Custodian, and have the Records Custodian appear on February 9, 2016 for a deposition and bring the records. *See* [*Doc. 17* at 1-2] and [*Doc. 17-1*] (attached copy of the proposed subpoena *duces tecum*).  In response to the motion, Defendants ask the Court to deny Plaintiffs' motion because Plaintiffs failed to pursue litigation against the "John Doe" defendants for almost three years, and because, during this time, Plaintiffs could have diligently pursued this information by appealing the denial of their Freedom of Information Act request.  *See* [*Doc. 17* at 2-4].  Defendants contend that they would be prejudiced by pre-trial discovery in this case because they are entitled to assert a qualified immunity defense prior to filing a responsive pleading.  *Id.* at 4.  Defendants also contend that Plaintiffs' subpoena is overly broad because it is not narrowly tailored to obtain only the identities of the John Does, but it also requests documents which contain other irrelevant information.  *Id.* at 9-10.  Finally, Defendants note that "no protective order is in place to protect the dissemination of any Privacy Act protected information or law enforcement sensitive information requested by Plaintiffs."  *Id.* at 10.

In their reply, Plaintiffs contend that they are only seeking documents "that will identify the names of the members of the SWAT team that executed the entry into the home and used the flash bang grenades."  [*Doc. 20* at 1].  Plaintiffs note that there is no qualified immunity motion yet before the Court, and, even if one is filed, Plaintiffs contend that they will be entitled to conduct limited discovery including the information sought in their current motion.  *Id.* at 2-3. Plaintiffs note that N.M.S.A. 1978 § 37-1-10 may toll the statute of limitations for Plaintiffs because they are minors.  However, Plaintiffs continue to seek expedited discovery needed to

name the "John Does" "because all the claims against the John Doe defendants and the three named defendants arise out of the same transaction or occurrence or series of transactions or occurrences . . . it is clearly in the interest of judicial economy and the administration of justice to have all the responsible parties joined as defendants so the Court may consider the issue of qualified immunity for the acts alleged in the Complaint at the same time in a single proceeding rather than in a piecemeal fashion." *Id.* at 3. Plaintiffs agree to limit their subpoena to documents responsive to Items 3 and 5 as a resolution of the motion. *Id.* at 8-9. Plaintiffs further agree to allow the FBI to respond to the subpoena "by mailing the responsive documents with a certification attached stating that all the SWAT team members are identified in the documents produced." *Id.* at 12.

In Plaintiffs' amended reply, Plaintiffs note that Defendants filed a notice with the Court stating that they will decide on January 29, 2016 whether to seek leave to file a surreply to address the tolling of the statute of limitations issue raised in Plaintiffs' reply. [*Doc. 23* at 1]. Plaintiffs state that their amended reply is identical in all other respects to their original reply, except that it "removes all discussion of the statute of limitations and tolling issues and simply addresses the issues raised by Defendants in their Opposition brief." *Id.* at 2. Plaintiffs state that their amended reply "moots any reason for the filing of a Surreply and any need for the Court to become involved other than in addressing the merits of Plaintiffs' Motion." *Id.* In Defendants' surreply, they contend that, if Plaintiffs are correct that the statute of limitation is tolled until after the Plaintiffs have reached the age of majority, "then the statute of limitations is no longer the proper, purported legal basis for the Plaintiffs' motion," and "[t]here is no need for expedited third party discovery." [*Doc. 30* at 2].

The Court finds that Plaintiffs' motion should be granted. First, pursuant to Federal Rule of Civil Procedure 26(d), the Court may allow discovery prior to the parties' Rule 26(f)

3

conference.  The Court finds that Plaintiffs' contention that they need to engage in this discovery to learn the identities of the unknown agents described in Plaintiffs' Complaint as "John Does," so that Plaintiffs can amend their Complaint to add those persons, is sufficient reason to allow Plaintiffs to serve their subpoena on the FBI Records Custodian.  Plaintiffs have also made an adequate showing as to why they need this discovery quickly given Defendants' statement that they may file a motion for qualified immunity which could stay discovery in this case until after that motion is decided.

In addition, the Court finds that Defendants do not have standing to object to the subpoena issued on a non-party.  *See Public Service Co. of Okla. v. A Plus Inc.*, No. CIV-10-651-D, 2011 WL 691204, at *2 (W.D. Okla. Feb. 16, 2011) (unpublished) ("[D]ecisions applying Rule 45(c)(3)(A) require a court to consider the movants' standing even if it is not disputed.") (citations omitted).  A party generally has no standing to object to subpoenas issued to a non-party, absent some personal right or privilege with regard to the subject matter in the documents sought.  *See id.* ("[T]he general rule is that only the person to whom the subpoena is directed has standing to object to its issuance."); *see also Transcor, Inc. v. Furney Charters*, Inc., 212 F.R.D. 588, 590 (D.Kan. 2003).  "To satisfy the standing requirement on this basis, a conclusory assertion that the subject documents 'are private, confidential, and proprietary' is insufficient; instead, the challenging party must specifically identify the personal right or privilege on which he relies."  *Public Service Co.*, 2011 WL 691204, at *3 (citations omitted).  Defendants make no assertion that they have a personal right or privilege with regard to the subject matter sought from the FBI.  Therefore, Defendants lack standing to challenge the subpoena.

Finally, the Court finds that Plaintiffs' requests are overly broad and that Plaintiffs have not made an adequate showing to require the FBI Records Custodian to appear for a deposition.  As stipulated to by Plaintiffs (*see Doc. 20* at 8-9 and 12), the FBI Records Custodian need only

4

respond to Plaintiffs' Items 3 and 5 in the subpoena (*see Doc. 17-1* at 2), and the FBI may comply with the subpoena by mailing the responsive documents to Plaintiffs with a certification attached stating under oath that all of the SWAT team members referenced in Items 3 and 5 are identified in the documents produced.  The Court notes that Plaintiffs stated in their response to Defendants' motion to file a surreply that they served the subpoena on the FBI on January 4, 2016, and that the FBI did not object within the 14-day time period required for doing so pursuant to Fed. R. Civ. P. 45(d)(2)(B).  *See* [*Doc. 26* at 2, n.1] and [*Doc. 26-1*]; *see also* Fed. R. Civ. P. 45(d)(2)(B) (explaining that the person commanded to produce discovery is the proper party to object to the subpoena).  While the FBI has, thus, forfeited its right to object to the subpoena, the Court would consider, upon the filing of a motion, a proposed protective order to protect confidential information, such as Privacy Act-protected information or law enforcement sensitive information.

**IT IS THEREFORE ORDERED**, for the reasons stated above, that Plaintiffs' *Motion for Leave to Conduct Expedited Discovery of Documents Identifying the Persons Named John Doe[]s in the Complaint (Doc. 17)* is **GRANTED in part** and **DENIED in part**.

**IT IS FURTHER ORDERED** that Plaintiffs may seek information responsive to Items 3 and 5 of the subpoena issued to the FBI, and the FBI may comply with the subpoena by mailing to Plaintiffs **no later than February 9, 2016** the responsive documents with a certification attached stating under oath that all the SWAT team members referenced in Items 3 and 5 are identified in the documents produced.

**IT IS SO ORDERED.**

_____
**LOURDES A. MARTINEZ**
**UNITED STATES MAGISTRATE JUDGE**