IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

A.R., Jr. A.R., and F.R., minor children
by their next friend, Teresa Romero,

      Plaintiffs,

v.                                      Case No. 1:15-CV-1021-WJ-LAM

Bryan Acee, Gregory Watterson, David
Kice and Federal Officers John Does,
1-8 in their Individual Capacities,

      Defendants.

## STIPULATED PROTECTIVE ORDER

**THIS MATTER** is before the Court on the parties' ***Joint Motion for a Protective Order*** [*Doc. 39*], filed February 12, 2016. The proposed order is a joint order approved by both parties. Joint approval was provided ***(prior to modification by the Court)*** via electronic communication (email), between Attorney Leah Taylor, Attorney for the Defendants, and Attorney Richard Rosenstock, Attorney for the Plaintiffs, on February 12, 2016. Having considered the motion, the Court hereby finds:

    A.    The Federal Bureau of Investigation ("FBI"), a third party, is in possession of records and information potentially responsive to paragraphs 3 and 5 of Plaintiffs' subpoena *duces tecum* (*Doc. 17-1*), that may be covered by the Privacy Act, 5 U.S.C. § 552a, such that an order authorizing disclosure pursuant to 5 U.S.C. § 552a(b)(11) is appropriate. These documents may also be reasonably expected to include material covered by the law-enforcement investigative privilege, the informants' privilege, and the deliberative process privilege, among others. The disclosure of any documents containing the names and addresses of the individuals responsive to paragraphs 3 and 5 of Plaintiffs' subpoena *duces*

*tecum* (*Doc. 17-1*) (hereinafter referred to as "Protected Information"), is subject to the following conditions:

1. Except as otherwise ordered by this Court or provided herein, Protected Information, and the information contained therein (including names or addresses), may be disclosed only to the following persons: (a) attorneys of record for parties in this action; (b) any persons regularly in the employ of, or persons contracted to perform services for attorneys of record for, the Plaintiffs to the extent reasonably necessary for the litigation of this action; (c) attorneys of record for United States government or federal employees in this case; (d) persons regularly in the employ of such government attorneys to the extent reasonably necessary to render professional services in this case; (e) employees of federal agencies as deemed necessary by counsel for the United States government or federal employees; and (f) this Court and its support personnel who are involved in this case.

2. Except as provided herein, no person having access to Protected Information, or the information contained therein, shall make any disclosure of Protected Information without further Order of the Court.

3. Except as provided herein, no person having access to Protected Information pursuant to paragraph 1 (a)-(b) above shall use or disclose Protected Information for any purpose other than litigating this action. "Litigating this action" does not include contacting directly or indirectly in any manner, except through his or her counsel, any of the persons whose names are identified as Protected Information, and who are represented parties.

4. Except for the individuals described in paragraph 1 (c)-(f) above, all individuals to whom Protected Information is disclosed shall be informed of and shall agree with the terms of this Order; shall not disclose or use the Protected Information, or the information contained

2

herein, except in compliance with this Order; and shall, before receiving Protected Information, acknowledge their agreement to comply with this Order by signing a copy of the attached acknowledgment form. A copy of each such acknowledgment form must be provided promptly after its execution to Department of Justice counsel for the Defendants.

5. Each party reserves the right to move to modify the terms of this Protective Order at any time, and each party reserves the right to oppose any motion to modify the terms of this Protective Order.

6. Any documents, filings, briefs, or other materials containing Protected Information, if filed publicly, shall contain redactions of the Protected Information, or otherwise concealed the information through the use of a pseudonym. Documents produced by the FBI that contain Protected Information shall be marked by the FBI, "SUBJECT TO FEB. 2016 PROTECTIVE ORDER" or contain a similar marking, and may be used only for purposes of this litigation. For data, whose medium makes such stamping impracticable, the diskette case and/or accompanying cover letter shall be marked "SUBJECT TO FEB. 2016 PROTECTIVE ORDER." Any individuals' name identified in documents responsive to paragraphs 3 and 5 of Plaintiffs' subpoena shall be concealed with the use of pseudonyms "Defendant Agent A," "Defendant Agent B," etc., in public filings.

7. As a supplement to the public filing of any documents, briefs, or other materials concealing Protected Information through the use of a pseudonym or redactions, a party may file under seal said briefs, documents, or other materials containing the Protected Information without concealment. Neither party nor any third party may use Protected Information, or the information contained therein, in open Court, orally or through documents, without first

obtaining the written consent of the Department of Justice or an Order from the Court ruling that the Protected Information is relevant and may be publicly disclosed.

8. Except as provided herein, within ninety (90) days of the conclusion of this case (including any appeals), documents, discovery requests, discovery responses, transcripts, and other materials, and all copies thereof, containing Protected Information must be destroyed by persons in the possession of such materials containing Protected Information. Within ninety (90) days of the conclusion of this case and any appeals, Plaintiffs' counsel and any other person in possession of documents, discovery requests, discovery responses, transcripts, or other materials containing Protected Information must certify in writing the said items, and all copies thereof, containing Protected Information have been destroyed. Within ninety (90) days of the termination of this case, including any appeals, Plaintiffs' counsel and any other person in possession of documents, discovery requests, discovery responses, transcripts, or other materials containing Protected Information must also certify in writing that any documents they or their attorneys or agents have created which contain Protected Information derived solely from those protected documents, discovery requests, discovery responses, transcripts, or other materials have been destroyed. Notwithstanding the foregoing provisions of this paragraph, no person is required to destroy any document that has been publicly filed with this Court or with a court of appeals of competent jurisdiction in connection with this case; further, this paragraph does not apply to the United States, its employees, its attorneys, or persons hired or in the employ of its attorneys; or to this Court or its support personnel.

9. Neither the United States nor any of its officers, employees, or attorneys shall bear any responsibility of liability under the Privacy Act for any unauthorized disclosure of any Protected Information, or the information contained therein, under this Order.

10. This Order does not constitute any ruling on the question of whether any particular document or category of information is properly discoverable and does not constitute any ruling on any potential objection to the discoverability, relevance, or admissibility of any document or information. Nor does this Order constitute any ruling on the question of whether the United States may withhold any particular document or category of information on the basis of privilege. Further, the disclosure of any privileged or sensitive information or documents pursuant to this Order does not constitute a waiver of any privileges or objections to the production of any other information or documents that may also include privileged or sensitive information.

11. This Order does not apply to any information or documents other than the Protected Information defined above, *i.e.* the FBI's response to paragraphs 3 and 5 of the Plaintiffs' subpoena *duces tecum* (*Doc. 17-1*). This Order does not apply to information or documents obtained during the normal course of discovery in this matter, nor does it apply to information or documents obtained from sources other than the FBI's response to the Plaintiffs' subpoena *duces tecum* (*Doc. 17-1*).

12. Should Plaintiffs disagree with the FBI's designation of particular information as Protected Information, they will first notify in writing the Department of Justice counsel for the Defendants, to facilitate an informal resolution with the FBI. If the dispute cannot be informally resolved within five (5) business days of submission of the issue to Department of Justice counsel, the party disputing the FBI's designation may then seek from the Court a review of the disputed designation pursuant to the procedures set forth under D.N.M.LRs Civ. 26.6 and 37.1. Prior to obtaining leave of Court (or permission from the Department of Justice), portions of any filings that contain documents designated as "Subject to Protective

Order" may not be filed publicly, but must be filed under seal, after the person who seeks to file such documents first obtains approval from this Court to file said filings under seal.

13. Inadvertent disclosure

    a. If, in connection with the pending litigation, the United States or the FBI inadvertently discloses Protected Information ("Inadvertently Disclosed Information"), the disclosure of the Inadvertently Disclosed Information shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work-product protection that the United States or the FBI would otherwise be entitled to assert with respect to the Inadvertently Disclosed Information and its subject matter.

    b. If a claim of inadvertent disclosure is made by the United States or the FBI with respect to Inadvertently Disclosed Information, the Receiving Party shall, within five business days, return or destroy all copies of the Inadvertently Disclosed Information and provide a certification of counsel that all such Inadvertently Disclosed Information has been returned or destroyed.

    c. Within five business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the United States or the FBI shall produce a privilege log with respect to the Inadvertently Disclosed Information.

    d. The receiving party may move the Court for an Order compelling production of the Inadvertently Disclosed Information pursuant to the

procedures set forth under D.N.M.LRs-Civ. 26.6 and 37.1. The Motion shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production. The Motion shall be filed under seal, after first obtaining this Court's permission to file the Privilege Motion under seal.

    e.    The United States or the FBI retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Nothing in Paragraph 13 shall limit the right of any party to move the Court for an *in camera* review of the Inadvertently Disclosed Information.

14. This order is without prejudice to the rights of any party or non-party to make any objections to discovery permitted by the Federal Rules of Civil Procedure, or by any statute or other authority, save the Privacy Act of 1974.

**IT IS SO ORDERED.**

*Lourdes A. Martínez*
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

_____
                                    )
A.R., Jr. A.R., and F.R., minor children )
 by their next friend, Teresa Romero,   )
                                    )
        Plaintiffs,                 )
                                    )
v.                                  )       Case No. 1:15-CV-1021-WJ-LAM
                                    )
Bryan Acee, Gregory Watterson, David ) ACKNOWLEDGMENT TO COMPLY WITH
Kice and Federal Officers John Does,  ) PROTECTIVE ORDER
1-8 in their Individual Capacities,  )
                                    )
        Defendants.                 )
_____)


I _____, hereby acknowledge, under penalty of perjury, that I have read the Protective Order entered by this Court on _____,20___. I am familiar with the specific terms of the Protective Order and agree to be bound by its terms. I further understand that I am subject to the contempt powers of this Court for violation of the Protective Order.


Date: _____ Signed:_____